UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIE BAKER,

                                        Petitioner,

                                                                                         DECISION AND ORDER

-vs-

                                                                                        17-CV-6063 (CJS)

JOHN COLVIN, Superintendent of
Five Points Correctional Facility,

                                        Respondent.

_____

       The petitioner, Willie Baker ("Baker"), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his appellate counsel's failure to perfect his appeal for over thirty-six months denied him due process of law. Pet., Jan. 30, 2017, ECF No. 1. For the reasons explained below, the petition for a writ of habeas corpus [ECF No. 1] is denied.

## BACKGROUND

       On June 5, 2013, the Supreme Court of New York, Monroe County, gave Baker a determinate sentence of 18 years imprisonment plus five years post-release supervision for his conviction on one count of Assault in the First Degree after a trial by jury. Tr., 15, June 15, 2017, ECF No. 7-4. On June 27, 2013, Baker's trial attorney filed a notice of appeal to the Appellate Division, Fourth Judicial Department. Tr. at 23. Thereafter, Baker was assigned different counsel for his appeal. Pet. at 14. As of January 21, 2017, however, Baker's appeal had not been perfected. Pet. at 5. Therefore, Baker filed the present petition *pro se*, arguing that his "due process rights are being violated due to the gross delay in perfecting his appeal." Pet. at 5.

       During the pendency of this petition, Baker's appeal was briefed by his appellate counsel, the merits of his appeal were considered by the Fourth Department and the judgment against him was unanimously affirmed, and the Court of Appeals denied him leave to appeal. *People v.*

1

*Baker*, 67 N.Y.S.3d 369, 370 (N.Y. App. Div. 2017); *People v. Baker*, 108 N.E.3d 500 (N.Y. 2018). Nevertheless, "[a] state court's hearing of an appeal does not moot a habeas petition based on a claimed denial of due process of the petitioner's right to appeal because it does not resolve the fundamental issue raised: whether delay or ineffective assistance of counsel violated the petitioner's right to an adequate and effective appeal." *Simmons v. Reynolds*, 898 F.2d 865, 867 (2d Cir. 1990) (citing *Evitts v. Lucey*, 469 U.S. 387, 400–05 (1985)). Thus, despite his appeal having been decided, Baker is entitled to a habeas determination. *Id.*

The Court is in possession of, and has reviewed, the state record, including transcripts of the sentencing hearing and Baker's direct appeal to the Appellate Division. Baker has not challenged the record below as inaccurate. Accordingly, the Court finds an evidentiary hearing unnecessary.

LEGAL STANDARD

Baker brings his habeas corpus petition pursuant to 28 U.S.C. § 2254. The general legal principles applicable to such a claim are well settled. Federal courts are obliged to give deference to state courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214). For claims adjudicated on the merits in state court, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Id.* (quoting 28 U.S.C. § 2254(d)(1)).[1] Generally speaking, a principle is "clearly established Federal law" for

---

[1] § 2254(b)(1)(A) also requires exhaustion of administrative remedies in order to enforce the principles of federal-state comity. *See DiSimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008). However, where "a habeas claim is based upon allegedly unconstitutional delay in the state appellate process, and a prisoner's requests to the state court and state-appointed counsel have been to no avail," the Second Circuit has held "that the state provides no effective remedy and, consequently, exhaustion is not required." *Geames v. Henderson*, 725 F. Supp. 681, 684 (E.D.N.Y. 1989) (citing *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989)).

§ 2254 purposes when it is embodied in a Supreme Court holding framed at the appropriate level of generality. *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017) (quoting, *inter alia*, *Thaler v. Haynes*, 559 U.S. 43, 47 (2010)), *cert. denied*, 138 S. Ct. 2578.

For cases involving due process claims for excessive delays in prosecuting state appeals, the Second Circuit has stated:

> The Supreme Court has not yet directly addressed the issue of whether the Constitution guarantees a speedy criminal appeal, once an opportunity for an appeal is provided. The lower federal courts, however, have grappled with the question, and it is now clear in this circuit that substantial delay in the state criminal appeal process is a sufficient ground to justify the exercise of federal habeas jurisdiction . . . . [E]ven when the habeas petitioner seeks release from custody based on delay or denial of his right to appeal and his conviction is thereafter affirmed by the state appellate court, the affirmance does not by itself moot the habeas petition because undue appellate delay raises a legitimate due process claim . . . . Given substantial and unjustified delay, the petitioner is entitled to a habeas determination of whether his appeal was no more than a meaningless ritual . . . . Of course, the fact that a petitioner in such circumstances presents a cognizable habeas claim does not decide the substantive question of what type of relief, if any, is appropriate.

*Cody v. Henderson*, 936 F.2d 715, 718–19 (2d Cir. 1991) (internal quotation marks and citations omitted).

## DISCUSSION

In his petition, Baker argues that the substantial delay in his state criminal appeal process violated his due process rights. Because Baker is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

In assessing the plausibility of due process claims based on delay in the state criminal appeals process, a court properly considers the criteria articulated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), regarding the right to a speedy trial. *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013). These criteria include (1) the length of the delay, (2) the

reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice. *Id.* (citing *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990)). A court should also consider federal-state comity. *See Brooks v. Jones*, 875 F.2d 30, 32 (2d Cir. 1989).

With respect to the first *Barker* factor, length of the delay, it is clear that this case was neither so complicated nor so complex that the delay of over forty months was justified. *Yourdon v. Kelly*, 769 F. Supp. 112, 115 (W.D.N.Y. 1991), *on reconsideration*, No. CIV-88-738E, 1992 WL 10514 (W.D.N.Y. Jan. 7, 1992), *aff'd*, 969 F.2d 1042 (2d Cir. 1992). Once perfected, the appeal was heard and resolved within six months. Accordingly, this Court finds the delay of more than forty months to weigh in Baker's favor.

With respect to the second *Barker* factor, the reason for the delay, the Court notes the Supreme Court's guidance that "[a] more neutral reason [for the delay] such as negligence or overcrowded courts should be weighted less heavily [against the government] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531. According to the declaration filed with Respondent's answer in this case, the Monroe County Public Defender had 427 assigned appeals as of June 2, 2017, had to retain an outside attorney for Baker's case to help relieve the backlog, and was so busy it had to obtain 17 separate extensions in Baker's case. Decl., ¶ 2, June 15, 2017, ECF No. 7-1. Consequently, the Court finds that this is a case in which the reason for delay weighs lightly against the government, as the delay was attributable to overcrowded courts and not to state actors deliberately delaying the appeal. *Mitchell v. Rivera*, No. 9:05-CV-0710GTS/GJD, 2009 WL 2868088, at *9 (N.D.N.Y. Sept. 1, 2009).

With respect to the third *Barker* factor, the prisoner's assertion of his rights, Respondent indicates in the declaration accompanying its answer that Baker "never contacted or filed any state court process with the Fourth Department to complain about the delay in perfecting his appeals." Decl. at ¶ 2. It appears that Baker did contact appellate counsel about the status of his case in June 2015, as Baker contends that his counsel informed him that 46 cases were ahead of his case on the Appellate Division's calendar. Pet. at 5. Given such a clear indication of what to expect, as well as his diligence in filing this habeas action, any failure by Baker to do more cannot be viewed critically. *Yourdon*, 769 F. Supp. at 115.

The final *Barker* factor is prejudice. When assessing the prejudice that may accrue to a petitioner due to appellate delay, the court should consider factors which are analogous to those used in assessing speedy trial delays, including: the prevention of oppressive incarceration pending appeal, minimization of anxiety and concern while awaiting the outcome of appeal, undercutting a defendant's grounds for appeal, and the possible impairment of petitioner's direct appeal or his defenses in the case of a retrial. *Sinatra v. Barkley*, 741 F. Supp. 39, 42 (E.D.N.Y.1990).

The present petition, as well as Baker's statement that he is elderly and suffers from significant health problems, evidences the fact that the delay in hearing his appeal caused Baker anxiety and concern. Pet. at 5. However, the "most important factor in assessing prejudice is the possible impairment of petitioner's direct appeal, or defense upon retrial, occasioned by the delay." *Collins v. Rivera*, No. 99-CV-0490H, 1999 WL 1390244, at *5 (W.D.N.Y. Dec. 2, 1999). Baker does not make any allegations with respect to any possible impairment to his appeal or to a defense upon retrial. Thus, while the Court recognizes that Baker has suffered anxiety as a result of the delay, on balance, while the prejudice to petitioner is appreciable, it is too speculative to be considered substantial. *Id.* at *6.

Lastly, the Court must consider the possible impact that federal intervention will have on federal-state judicial comity. As indicated above, the Appellate Division decided Baker's appeal during the pendency of this petition and unanimously affirmed his conviction. Therefore, any action this federal Court takes would amount to little more than admonishment of the public defender and the state court to manage its heavy appellate caseload more efficiently, a position this Court does not find justified given Respondent's reasonable explanation.

To be sure Baker has demonstrated that that the delay in his appeal of over forty months was substantial, that he did not in any way contribute to the delay, and that he took steps to expedite the appeal. Nevertheless, delay, without more, is not a sufficient basis for release from custody. *Muwwakkil v. Hoke*, 968 F.2d 284 (2d Cir. 1992) (citations omitted). Respondent's reasonable explanation, as well as Baker's failure to show prejudice, weigh decisively against finding a due process violation. Moreover, as Baker's conviction was affirmed, his incarceration is lawful. Baker's petition for a writ of habeas corpus must therefore be denied.

## CONCLUSION

Based on the foregoing, the Court finds that Baker has failed to show that his due process rights were violated by the delay in perfecting his appeal. 28 U.S.C. § 2254(d)(1). Accordingly, Baker's application under 28 U.S.C. § 2254 [ECF No. 1] is denied. The Clerk of the Court is hereby ordered to close this case.

Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Baker has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma*

*pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:   November 16, 2020
         Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge